MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-MC-00114-TLN-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $20,000.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $20,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about February 19, 2019, agents with the United States Postal Inspection Service ("USPIS") seized two parcels containing approximately $20,000.00 in U.S. Currency (collectively, "the defendant currency") during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 16, 2019, USPIS received a claim from Brandon Butorac ("Butorac") asserting an ownership interest in the defendant currency.

3. For the purposes of this settlement only, claimant does not contest the United States' representation that it could show at a forfeiture trial that on February 14, 2019, USPIS conducted a

parcel interdiction at the Postal Facility at 2000 Royal Oaks Drive in Sacramento, California. During the interdiction, law enforcement officials identified two parcels that bore markers consistent with parcels used for shipping contraband. The packages was addressed to Branson Butorac, P.O. Box 64, Big Oak Flat, California, 95305, with the following return address: Brian Jackson, 8102 E. Jefferson Ave #B305, Detroit, Michigan, 48214.

4. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that on February 19, 2019, law enforcement officials spoke to Butorac, who told them he was expecting the parcels and they should contain magazines and he provided consent to open the parcels. Law enforcement found the defendant currency inside vacuum-sealed magazines secreted inside the magazine pages. Butorac told law enforcement the money was for personal stuff and that Brian Jackson worked for him. Butorac would not provide any contact information for Brian Jackson and said he would be contacting an attorney.

5. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that the parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, claimant Butorac specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees to stipulate that an adequate factual basis exists to support forfeiture of the defendant currency. Brandon Butorac hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of the Consent Judgment of Forfeiture, Approximately $20,000.00 in U.S. Currency and $10,000.00 of the Approximately $20,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $10,000.00 of the Approximately $20,000.00 in U.S. Currency shall be returned to claimant Brandon Butorac through his attorney Jacek Lentz.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: December 20, 2019

_____
Troy L. Nunley
United States District Judge